IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOHN MONROE, Individually and on**                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 6:22-cv-6094-SOH

**CLOWERS ENTERPRISES, INC.,**                            **DEFENDANTS**
**and JONATHAN CLOWERS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff John Monroe ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendants Clowers Enterprises, Inc., and Jonathan Clowers (collectively "Defendants" or "Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts and omissions complained of herein occurred in Garland County. Therefore, venue is proper within the Hot Springs Division of this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Garland County.

7. Separate Defendant Clowers Enterprises, Inc. ("Clowers Enterprises"), is a domestic, for-profit corporation.

8. Clowers Enterprises' registered agent for service of process is Bridgett Clowers at 12 Rainwood Terrace, Pearcy, Arkansas 71964.

9. Separate Defendant Jonathan Clowers ("J. Clowers") is an individual and resident of Arkansas.

10. Defendants do business as Advanced Pest Control of Arkansas.

11. Defendants maintain a website at https://advancedpest.org/.

## IV. FACTUAL ALLEGATIONS

12. J. Clowers is a principal, director, officer, and/or owner of Clowers Enterprises.

13. J. Clowers, in his role as an operating employer of Clowers Enterprises, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14. J. Clowers took an active role in operating Clowers Enterprises and in the management thereof.

15. Within the two years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

16. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

19. Defendants employed Plaintiff as a Pest Control Technician from July of 2021 until May of 2022.

20. Defendants paid Plaintiff a salary plus commissions.

21. Defendants also employed other salaried Pest Control Technicians within the three years preceding the filing of this lawsuit.

22. At all relevant times herein, Defendants directly hired hourly-paid Pest Control Technicians to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Plaintiff's primary duties were to treat Defendants' customers' residents and facilities with pest control.

24. Other Pest Control Technicians had the same or similar duties as Plaintiff.

25. Plaintiff and other Pest Control Technicians were paid a set salary per week and were also encouraged to "upsell" to customers while performing their job duties. Plaintiff and other Pest Control Technicians received "commissions" based on their sales.

26. Some of the "commissions" Plaintiff and other Pest Control Technicians earned were a percentage of products and services sold, but some were merely a piece-rate or a bonus if they met certain metrics.

27. During the course of their employment, Plaintiff and other Pest Control Technicians did not manage the enterprise or a customarily recognized subdivision of the enterprise.

28. Plaintiff and other Pest Control Technicians did not select any employees for hire or fire.

29. Plaintiff and other Pest Control Technicians did not have any control of or authority over any employee's rate of pay or working hours.

30. Plaintiff and other Pest Control Technicians did not maintain or prepare production reports or sales records for use in supervision or control of the business.

31. Similarly, Plaintiff and other Pest Control Technicians did not have any responsibility for planning or controlling budgets.

32. The duties of Plaintiff and other Pest Control Technicians were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

33. In carrying out their duties, Plaintiff and other Pest Control Technicians followed the processes put in place by Defendants and others

34. Plaintiff regularly worked hours over 40 each week.

35. Upon information and belief, other Pest Control Technicians also worked hours over 40 each week.

36. Plaintiff and other Pest Control Technicians recorded their hours worked via Defendants' electronic timekeeping system.

37. Defendants set Plaintiff's and other Pest Control Technician's schedules.

38. Defendants knew or should have known that Plaintiff and other Pest Control Technicians worked over forty hours in at least some weeks.

39. Defendants did not pay Plaintiff and other Pest Control Technicians 1.5x their regular hourly rate for hours worked over 40 in a week.

40. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated Pest Control Technicians of sufficient overtime compensation for all of the hours worked over forty per week.

41. The net effect of Defendants' practices and policies regarding Plaintiff's and other Pest Control Technicians' job duties and pay, as described above, is that Defendants intentionally implemented practices to avoid paying them an overtime premium for hours worked over forty each week.

42. Defendants made no reasonable efforts to ascertain and comply with applicable law.

43. Defendants knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

45. Plaintiff proposes the following collective under the FLSA:

**All salaried Pest Control Technicians within the last three years.**

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid salary plus commissions;

B. They worked over 40 hours in at least one week in the three years preceding the filing of this lawsuit;

C. They recorded their time in the same manner;

D. Defendants did not pay them 1.5x their regular hourly rate for hours worked over 40 each week.

49. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

50. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

57. Defendants failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of forty hours per week.

58. Defendants knew or should have known that their actions violated the FLSA.

59. Defendants' conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendants have been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

66. Defendants misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

67. Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 hours per week.

68. Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

69. Defendants knew or should have known that their actions violated the FLSA.

70. Defendants' conduct and practices, as described above, were willful.

71. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

Page 9 of 12
John Monroe, et al. v. Clowers Enterprises, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:22-cv-6094-SOH
Original Complaint—Collective Action

72. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

74. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

75. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

76. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

77. Defendants misclassified Plaintiff as exempt from the overtime requirements of AMWA.

78. Defendants failed to pay Plaintiff 1.5x his regular hourly rate for all hours worked over 40 each week.

79. Defendants knew or should have known that their practices violated the AMWA.

80. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff John Monroe, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

...

Respectfully submitted,

**JOHN MONROE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com